# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GAYLEEN BONEY, as Administrator and Personal Representative of the Estate of Norman Boney, Jr., Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 3:07-CV-0373-ECR (RAM)<br><br>**ORDER** |

Defendant has made a Motion to Strike Plaintiff's Disclosure of Expert Witness (Doc. #19). There has been no opposition.

LR 7-2(d) provides that a party's failure to file an opposition to a motion "shall constitute a consent to the granting of the motion." For that reason alone, Defendant's Motion should be granted.

Over and above Plaintiff's failure to oppose the Motion, however, Defendant's Motion is well taken on the merits. Plaintiff's expert witness disclosure, attached to Defendant's Motion as Exhibit A, only identifies the expert by name and address. While this may satisfy the requirements of Fed. R. Civ. P. 26(a)(2)(A) it does nothing to meet the requirements of Fed. R. Civ. P. 26(a)(2)(B) which sets forth the requirements for a written report.

Fed. R. Civ. P. 26(a)(2)(B) provides that the expert's report must be in writing and signed by the expert, and must contain: a complete statement of all the expert's opinions and the basis and the reasons therefor; the data and information considered by the expert, including documents provided by counsel; any exhibits to be used as support for or a summary of the opinions; the qualifications of the expert and all publications authored by the expert in the past

10 years; the expert's compensation for his review and testimony; and a list of all other cases in which the expert has testified at trial or at deposition in the past 4 years. Plaintiff has completely failed to supply an expert's report.

Sanctions such as those requested by the Defendant for failure to disclose a report meeting the requirements of Rule 26(a)(2)(B) are "automatic and mandatory" unless the party failing to disclose can show the failure was justified or harmless. *Keach v. U.S. Trust Co.*, 419 F.3d 626, 639-40 (7th Cir. 2005); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952-53 (10th Cir. 2002) (listing factors to be considered in determining the existence of substantial justification or harmlessness). Here Plaintiff has given no explanation as to why her failure to disclose an expert's report was justified or harmless.

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike Plaintiff's Disclosure of Expert Witness (Doc. #19) is **GRANTED**.

DATED: July 15, 2008.

_____
UNITED STATES MAGISTRATE JUDGE